UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

In re:

**SIGNATURE HEALTH SERVICES, INC.,**   Case Number 12-40748-BKC-JKO
                                       Chapter 7
    Debtor.
_____/

**TIMOTHY S. KINGCADE'S MOTION 1) TO WITHDRAW AS COUNSEL FOR THE CORPORATE DEBTOR AND 2) TO DETERMINE RIGHTFUL OWNER OF FEES PAID TO DEBTOR'S COUNSEL BY CORPORATE DEBTOR'S PRINCIPAL**

Timothy S. Kingcade, counsel for the Debtor, hereby files this *Motion 1) To Withdraw As Counsel For The Corporate Debtor And 2) To Determine Rightful Owner Of Fees Paid To Debtor's Counsel By Corporate Debtor's Principal,* and states:

### BACKGROUND

1. **SIGNATURE HEALTH SERVICES, INC.** (the "Debtor") filed a petition under Chapter 7 of the United States Bankruptcy Code on December 28, 2012.

2. Kenneth Welt was appointed the Chapter 7 Trustee.

3. The 341 Meeting of Creditors was held and concluded on January 31, 2013.

4. Subsequent to the 341 Meeting of Creditors the Chapter 7 Trustee retained the firm of Marshall Grant, P.L. to represent him in this matter.

5. Trustee's counsel unilaterally scheduled three Rule 2004 Examinations. Trustee's counsel will be deposing the Debtor and two witnesses. One of the witnesses is debtor's principal.

6. Timothy S. Kingcade ("Kingcade") is counsel for the Debtor.

7. When the Debtor's principal, Dale Gibson, learned of the Rule 2004 Examinations he requested that Kingcade's firm attend the depositions.

8. The Debtor's principal agreed to pay Kingcade a fee of $1,500.00 to attend the corporate deposition because the original retainer agreement between Debtor's counsel and the corporate debtor didn't cover any deposition attendances.

9. The funds were paid directly by the Debtor's principal to Kingcade. The funds did not come from the Debtor, nor deplete any assets of the bankruptcy estate. A copy of the checks indicating that these were not estate funds is attached as Exhibit "A" and incorporated herein by reference.

10. Kingcade sought court approval of the fees received from the Debtor's principal post-petition.

11. This court denied the application for fees at a hearing on May 14, 2013, however did not indicate how Kingcade should refund the fees.

## MOTION TO WITHDRAW

12. The trustee has filed an adversary proceeding against the principal and some of his business associates. The Debtor's principal is therefore under the jurisdiction of this court in the adversary proceeding. Further, any discovery will be pursuant to Part VII of the Federal Rules of Bankruptcy Procedure and not Rule 2004.

13. The Debtor is now a dead entity and has no need for attorney representation.

14. Debtor's counsel seeks an order allowing the withdrawal from representation in the main case.

## DETERMINATION OF RIGHTFUL OWNER OF FEES
## PAID BY CORPORATE DEBTOR'S PRINCIPAL POST-PETITION

15. Trustee's counsel has asked that the $1,500 fee accepted by Kingcade be turned over to the Trustee because Trustee's counsel asserts that the fees represent corporate assets. A copy of an email from Trustee's counsel demanding, not only the fee, but also demanding that

Page 3.

Kingcade pay the Trustee attorney's fees as well is attached as Exhibit "B" and incorporated herein by reference.

16. The Trustee's assertions are without merit whatsoever. Kingcade is not holding estate funds, nor does the Trustee have basis for asserting fees.

17. As shown to the court during the May 14 hearing, the fees were paid by the Debtor's principal, not the corporate Debtor. *See* Exhibit "A."

18. Kingcade is merely a stakeholder of these funds and does not assert an interest in them given that the court denied his application for them. Kingcade needs a determination as to whom the fees should be refunded to.

19. Kingcade believes that the funds belong to Dale Gibson and therefore seeks an order allowing the refund of the $1,500 fee to the corporate Debtor's principal, Dale Gibson.

**WHEREFORE**, Timothy S. Kingcade respectfully requests that this court enter an order 1) allowing his withdrawal from this case and 2) allowing the refund of the fee to corporate Debtor's principal, Dale Gibson and for any other relief deemed just and proper in the circumstances.

Page 4.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent, via ECF, this 15th day of May 2013 to all parties listed below.

| Marshall Grant, P.L.<br>197 S Federal Hwy # 300<br>Boca Raton, FL 33432<br>561.672.7580 | Assistant US Trustee<br>51 SW 1st Avenue, #1204<br>Miami, Florida 33130 |
|---|---|

**CERTIFICATE PURSUANT TO LOCAL RULE 9011-4(B)**

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**KINGCADE & GARCIA, P.A**
Counsel for the Debtor
Kingcade Building
1370 Coral Way
Miami, Florida 33145-2960
WWW.MIAMIBANKRUPTCY.INFO
Telephone: 305-285-9100
/s/ Timothy S. Kingcade
x  Timothy S. Kingcade, Esq., FBN 082309
☐ Wendy Garcia, Esq., FBN 0865478
☐ Jessica L. McMaken, Esq., FBN 580163

7 DEPO

1196

**SIGNATURE DEVELOPMENT RESIDENCES, INC.**
1711 HAMMONDVILLE ROAD
POMPANO BEACH, FL 33069

COMMUNITY BANK OF BROWARD
CORAL SPRINGS, FL 33065
63-1525-670

03/20/2013

PAY TO THE ORDER OF  Kingcade & Garcia.                                $ 1,500 ⁰⁰/xx

One Thousand Five Hundred ——————— ⁰⁰/xx                                                DOLLARS

954-554-3454
Signature Health Services, Inc.

MEMO Bankruptcy Deposition.

_____
AUTHORIZED SIGNATURE

⑈001196⑈ ⑆067015258⑆ 103001219 7⑈

Exhibit "A"

# Timothy S Kingcade

| | |
|---|---|
| **From:** | Joe Grant <JGrant@MarshallGrant.com> |
| **Sent:** | Tuesday, May 14, 2013 1:54 PM |
| **To:** | Kristina Gonzalez; Timothy S Kingcade; Jessica McMaken |
| **Cc:** | Larry Pecan |
| **Subject:** | Signature Health |
| **Attachments:** | Order Denying Motion for approval of Fees (Signature).docx |

Mr. Kingcade,

Please find attached the proposed order denying the Motion for Approval of Compensation. Please let us know if you agree to the form of order, so that we can upload it. Because, as the Court noted, "it is patently obvious that Kingcade & Garcia could not represent the Debtor or its former Principal post-petition," we intend to seek disgorgement of the amounts paid to Kingcade & Garcia on behalf of the Debtor post-petition. We attempted to resolve this with your office prior to your filing of the motion. We were forced to attend a hearing and file a response to your motion. All of this should not have been necessary. Thus, we are also requesting that you pay our attorneys fees and costs of $900.00. Based upon Judge Olson's ruling this morning, we expect that disgorgement of the $1500.00 and sanctions will be granted. Please let us know if you will agree to repay $2400.00 within 10 days. Please accept this email as our safe harbor notice to your firm. We would appreciate a timely response to our request.



Marshall|Grant|PL.

..................................

Joe M. Grant
Marshall Grant, P.L.
197 S. Federal Highway, Suite 300
Boca Raton, Florida 33432

561.672.7580 Telephone
561.672.7581 Facsimile
jgrant@marshallgrant.com
www.marshallgrant.com

This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed email address. Thank You.

Exhibit "B"