**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:

SIGNATURE HEALTH                                  Case No. 12-40748-JKO
SERVICES, INC,

                                                  Chapter 7

        Debtor.
_____/

**TRUSTEE'S MOTION FOR APPROVAL OF**
**SETTLEMENT AGREEMENT AMONG TRUSTEE,**
**DALE GIBSON, STEVE LEYKIND, MOBILE MEDICAL MANAGEMENT, LLC, AND**
**PREMIER MOBILE HEALTH SOLUTIONS, INC.**

> **Any interested party who fails to file and serve a written
> response to this motion within 21 days after the date of service
> stated in this motion shall, pursuant to Local Rule 9013-1(D),
> be deemed to have consented to the entry of an order in the
> form attached to this motion. Any scheduled hearing may then
> be canceled.**

        Kenneth A. Welt, chapter 7 trustee (the "Trustee") of the estate of Signature Health

Services, Inc. (the "Debtor"), by and through undersigned counsel and pursuant to Federal

Rule of Bankruptcy Procedure 9019 and Local Rule 9013-1(D), moves for entry of an order

approving the parties' settlement agreement and, in support thereof, states as follows:

                                    **Background**

        1.      On or about December 28, 2012 (the "Petition Date"), the Debtor filed a

voluntary petition for relief under chapter 7 of the Bankruptcy Code.

        2.      Kenneth A. Welt was appointed and continues to serve as chapter 7 trustee for the

Debtor's bankruptcy estate.

3.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1134. Venue is proper in this district pursuant to 28 U.S.C §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The predicate for the relief requested herein is Federal Rule of Bankruptcy Procedure 9019.

4.      Through the information and documents produced by the Debtor during and after the §341 meeting, the Trustee discovered certain actionable claims against Dale Gibson, Steve Leykind, Mobile Medical Management, LLC, and Premier Mobile Health Solutions, Inc. (the "Defendants") may have arisen from a pre-petition transfer by the Debtor to Steve Leykind.

5.      Defendants have asserted that they have valid defenses to these causes of action, and the parties entered into settlement negotiations. This ultimately resulted in their agreement as to the form of the Settlement Agreement, a true and correct copy of which is attached hereto as **Exhibit A** (the "Settlement Agreement"), subject to Bankruptcy Court approval.

6.      The salient terms of the Settlement Agreement are as follows:[1]

a.      Steve Leykind will deliver $20,000.00 to the Trustee no later than Friday, September 13, 2013. Upon entry of a final order approving the Settlement Agreement, Steve Leykind shall deliver an additional $20,000.00 to the Trustee over eight months, in full settlement and satisfaction of all claims held by the Trustee against Defendants.

b.      Upon the Trustee's receipt of the full amount, the Parties mutual release of claims shall be effective.

---

[1]   The Court and interested parties are directed to the Settlement Agreement itself (attached hereto as Ex. A) for the complete terms of the Parties' settlement. To the extent of any inconsistency between the summary description contained herein and the Settlement Agreement, the terms of the Settlement Agreement shall control.

## RELIEF REQUESTED

7.     By this Motion, the Trustee respectfully requests that the Court enter an order, pursuant to Bankruptcy Rule 9019, approving the Settlement Agreement and authorizing the transactions contemplated thereunder.

8.     Bankruptcy Rule 9019 provides, in relevant part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Settlements and compromises are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 428 (1968). "Settlements are favored in bankruptcy because they serve to minimize litigation, provide a means for efficient resolution of disputes, and help to expedite the administration of the bankruptcy estate." *In re Genesis Health Ventures*, 266 B.R. 591, 619 (Bankr. D. Del. 2001); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).

9.     Approval of a settlement in bankruptcy proceedings is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion. *In re Arrow, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988). The test is whether the proposed settlement "falls below the lowest point in the range of reasonableness." *Id.* at 891.

10.     The Trustee believes that the proposed settlement is reasonable and in the best interests of the estate, and will resolve all disputes among the Parties while avoiding delay and costly litigation with respect thereto.

11.     For all the foregoing reasons, the Trustee believes that good cause exists for approval of the Settlement Agreement.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit B**, approving the proposed settlement and Settlement Agreement, authorizing the Parties to consummate the Settlement Agreement, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

**MARSHALL SOCARRAS GRANT, P.L.**
Attorneys for the Trustee
197 South Federal Highway, Suite 300
Boca Raton, Florida  33432
Telephone No. 561.361.1000
Facsimile No. 561.672.7581
Email:  efile@msglaw.com

By:  /s/ Lawrence E. Pecan
        LAWRENCE E. PECAN
        Florida Bar No. 99086

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 28th day of August, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

_____ /s/ Lawrence E. Pecan_____
LAWRENCE E. PECAN

## SERVICE LIST

### SERVED VIA CM/ECF NOTICE

Joe M. Grant, Esq. on behalf of Plaintiff Kenneth A Welt
jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com

Joe M. Grant, Esq. on behalf of Trustee Kenneth A Welt
jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com

Timothy S Kingcade, Esq on behalf of Attorney Timothy Kingcade
kingcadeserve@bellsouth.net, KGNotify@notify.cincompass.com

Timothy S Kingcade, Esq on behalf of Debtor Signature Health Services, Inc
kingcadeserve@bellsouth.net, KGNotify@notify.cincompass.com

Jason Klein on behalf of Defendant Mobile Medical Management LLC
rbalesjr@bsklawyers.com

Jason Klein on behalf of Defendant Premier Mobile Health Solutions
rbalesjr@bsklawyers.com

Jason Klein on behalf of Defendant Steve Leykind
rbalesjr@bsklawyers.com

Adam D. Marshall, Esq. on behalf of Trustee Kenneth A Welt
AMarshall@MarshallGrant.com, efile@marshallgrant.com;mg197ecfbox@gmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Lawrence E Pecan on behalf of Plaintiff Kenneth A Welt
lpecan@marshallgrant.com, efile@marshallgrant.com;mg197ecfbox@gmail.com

Lawrence E Pecan on behalf of Trustee Kenneth A Welt
lpecan@marshallgrant.com, efile@marshallgrant.com;mg197ecfbox@gmail.com

Zach B Shelomith on behalf of Defendant Dale Gibson
zshelomith@lslawfirm.net, apopowitz@lslawfirm.net;cderby@lslawfirm.net

Chad T Van Horn on behalf of Creditor Sharon Atwood
Chad@cvhlawgroup.com,
jay@cvhlawgroup.com;DeadlinesandHearings@gmail.com;Steve@cvhlawgroup.com;Martha@c
vhlawgroup.com;Dan@cvhlawgroup.com;Linda@cvhlawgroup.com;Mily@cvhlawgroup.com;
Milagros@cvhlawgroup.com;chad@ecf.inforuptcy.com

Chad T Van Horn on behalf of Interested Party Sharon Atwood
Chad@cvhlawgroup.com,
jay@cvhlawgroup.com;DeadlinesandHearings@gmail.com;Steve@cvhlawgroup.com;Martha@c
vhlawgroup.com;Dan@cvhlawgroup.com;Linda@cvhlawgroup.com;Mily@cvhlawgroup.com;
Milagros@cvhlawgroup.com;chad@ecf.inforuptcy.com

Kenneth A Welt
court@trusteeservices.biz, fl10@ecfcbis.com;pacerfilings@gmail.com

## SERVICE BY US MAIL

Signature Health Services, Inc ,1711 Hammondville Rd,Pompano Beach, FL 33069-1989

ADP ,400 Covina Blvd,San Dinas CA 91773-2954, ,

Acevedo Consulting Inc. ,2605 W Atlantic Ave Ste D-102,Dleray Beach, FL 33445-4414, ,

Broward County Records, Taxes & Treasury ,Attn:  Bankruptcy Section,115 S. Andrews Ave. #
A-100,Ft. Lauderdale, FL 33301-1888,

Broward County Tax Collector ,115 South Andrews Ave Room A-100,Ft Lauderdale, FL 33301-
1888, ,

Corinne B. Rosner, Esq ,5400 S University Dr Ste 116,Davie, FL 33328-5300, ,

DHHS/Centers for Medicare & Medicaid Se,Sam Nunn Atlanta Federal Center,ATTN: Gary Kurz, Assistant Regional Coun,Office of General Counsel,61 Forsyth St., S.W., Ste. 5M60,Atlanta, GA 30303-8931,

INTERNAL REVENUE SERVICE,CENTRALIZED INSOLVENCY OPERATIONS,PO BOX 7346,PHILADELPHIA PA 19101-7346,preferred

First Coast Service Options ,P.O. Box 2360,Jacksonville, FL  32231-0018, ,

Florida Department Of Revenue ,5050 W Tennessee St,Tallahassee, FL 32399-0100, ,

Florida Department Of Revenue ,PO Box 6668,Tallahassee, FL  32314-6668, ,

GC Services Limited Partnership ,6330 Gulfton,Huston, TX 77081-1198, ,

GC Services Limited Partnership ,PO Box 2667,Houston, TX 77252-2667, ,

Gary Kurz, Assistant Regional Counsel, Offic,Sam Nunn Atlanta Federal Center,61 Forsyth St., S.W.,Ste. 5M60,Atlanta, GA 30303-8931, ,

INTERNAL REVENUE SERVICE,CENTRALIZED INSOLVENCY OPERATIONS,PO BOX 7346,PHILADELPHIA PA 19101-7346,preferred duplicate

Intuit Health ,5501 Dillard Dr,Cary, NC 27518-9233, ,

Joel S. Magolnick, Esq ,3001 SW 3rd Ave,Miami, FL 33129-2709, ,

Lawrence D. Felder, PA ,1840 SE 1st Ave,Fort Lauderdale, FL 33316-2875, ,

Office of the US Trustee ,51 S.W. 1st Ave.,Suite 1204,Miami, FL 33130-1614,

Perlman, Bajandas, Yevoli & Albright, PL ,200 S Andrews Ave Ste 600,Fort Lauderdale, FL 33301-2066, ,

Sharon Atwood, ARNP ,1711 Hammondville Rd,Pompano Beach, FL 33069-1989, ,

Sharon Atwood, ARNP ,c/o Chad T. Van Horn, Esq.,Van Horn Law Group, P.A.,330 N. Andrews Ave., Suite 450,Fort Lauderdale, Florida 33301-1012, ,

SPRINT NEXTEL CORRESPONDENCE,ATTN BANKRUPTCY DEPT,PO BOX 7949,OVERLAND PARK KS 66207-0949,preferred

SPRINT NEXTEL CORRESPONDENCE,ATTN BANKRUPTCY DEPT,PO BOX 7949,OVERLAND PARK KS 66207-0949,preferred duplicate

Storage Express ,7400 W Oakland Park Blvd,Lauderhill, FL 33319-4967, ,

TBF Financial ,C/O Wells Fargo,740 N Waukegan Rd,Deerfield, IL 60015-5505,

Windstream Communications ,PO Box 580451,Charlotte, NC  28258-0451, ,

Kenneth A Welt ,www.trusteewelt.com,1844 N Nob Hill Rd #615,Plantation, FL 33322-6548,

Sharon Atwood ,973 SE 10th Ct,Pompano Beach, FL 33060-9536

Steve Leykind ,1755 E. HALLANDALE BEACH BLVD #1901,HALLANDALE BEACH, FL 33009-4689

Timothy Kingcade ,Kingcade & Garcia, P.A.,1370 Coral Way,Miami, FL 33145-2960,

Timothy S Kingcade Esq,1370 Coral Way,Miami, FL 33145-2960

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:

SIGNATURE HEALTH                          Case No. 12-40748-JKO
SERVICES, INC,

                                          Chapter 7

       Debtor.
_____/

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement") is made by and between Kenneth Welt, the Chapter 7 Trustee (the "Trustee") of the Bankruptcy Estate of Signature Health Services, Inc. (the "Debtor"), Dale Gibson, Steve Leykind, Mobile Medical Management, LLC, and Premier Mobile Health Solutions, Inc. (each individually a "Party" and collectively, the "Parties"). The Parties agree and recite as follows:

## RECITALS

WHEREAS, on December 28, 2012, the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code;

WHEREAS, the Trustee is the duly appointed and acting trustee for the bankruptcy estate of the Debtor;

WHEREAS, the Trustee alleges the Debtor fraudulently transferred and/or made preference payments to Leykind in the total amount of $185,470.00;

WHEREAS, the Parties wish to resolve all issues relating to the allegations and have set forth their compromise of their disputes in this Agreement.

## AGREEMENT

1.    <u>Recitals Incorporated</u>. The foregoing recitals are true and correct.

2.    <u>Conditions Precedent</u>. The Parties agree that the enforceability of this Agreement is subject to the Bankruptcy Court entering an order approving the terms as set forth herein, and the order becoming final and non-appealable.

3.    <u>Settlement Amount</u>. Upon the entry of the Parties into this Agreement and payment of the settlement amount as provided herein and according to the terms detailed below, all disputes by and between the Trustee, Dale Gibson, Steve Leykind, Mobile Medical Management, LLC, and Premier Mobile Health Solutions, Inc. shall be deemed resolved and settled in full. Dale Gibson, Steve Leykind, Mobile Medical Management, LLC, and Premier Mobile Health Solutions, Inc., jointly and severally, agree to pay the Trustee $40,000 to fully and finally resolve all disputes among the Parties (the "Settlement Amount").

4.    <u>Payment Terms</u>. The Settlement Amount shall be paid to the Trustee as follows: (i) Leykind shall deliver $20,000.00 no later than Friday, September 13, 2013; and (ii) Leykind shall deliver $2,500.00 on the fifteenth day of each of the eight months following the entry of an order by the Bankruptcy Court approving this Agreement (the "Remaining Settlement Payments").

5.    <u>Release by the Trustee.</u> Effective upon receipt of the entire Settlement Amount set forth in paragraph 3 above, the Trustee, on behalf of Bankruptcy Estate for the Debtor, and any and all successors, assigns, agents, and transferees (collectively, the "Trustee Releasing Parties") hereby releases and forever discharges, to the fullest extent permitted by law, Dale Gibson, Steve Leykind, Mobile Medical Management, LLC, and Premier Mobile Health Solutions, Inc. (the "Defendants") for any and all actions, causes of action, claims, suits, debts,

damages, judgments, liabilities, and demands whatsoever, whether matured or unmatured, whether at law or equity, whether before a local, state, or federal court, state or federal administrative agency or commission, or arbitration tribunal, regardless of location and whether now known or unknown, contingent, liquidated or unliquidated, that any of the Trustee Releasing Parties now have or may have had, or thereafter claim to have, on behalf of itself or themselves, or any other person or entity, at any time. Such release includes without limitation, any claims or causes of action which were brought or could have been brought pursuant to chapter 5 of the Bankruptcy Code.

6.    <u>Release by Gibson</u>.    In consideration of the obligations undertaken in this Agreement, Gibson, on behalf of himself and on behalf of any and all of his predecessors, successors, assigns, heirs, assigns, creditors, affiliates, agents, attorneys, accountants, professionals, employees and transferees (collectively, the "Gibson Releasing Parties") hereby releases and forever discharges, to the fullest extent permitted by law, the Trustee Releasing Parties for any and all actions, causes of action, claims, suits, debts, damages, judgments, liabilities, and demands whatsoever, whether matured or unmatured, whether at law or equity, whether before a local, state, or federal court, state or federal administrative agency or commission, or arbitration tribunal, regardless of location and whether now known or unknown, contingent, liquidated or unliquidated, that any of the Gibson Releasing Parties now have or may have had, or thereafter claim to have, on behalf of itself or themselves, or any other person or entity, at any time.

7.    <u>Release by Leykind</u>.    In consideration of the obligations undertaken in this Agreement, Leykind, on behalf of himself, Premier Mobile Health Solutions, Inc., Mobile Medical Management, LLC and on behalf of any and all of his/their predecessors, successors,

assigns, heirs, creditors, affiliates, agents, attorneys, accountants, professionals, employees and transferees (collectively, the "Leykind Releasing Parties") hereby releases and forever discharges, to the fullest extent permitted by law, the Trustee Releasing Parties for any and all actions, causes of action, claims, suits, debts, damages, judgments, liabilities, and demands whatsoever, whether matured or unmatured, whether at law or equity, whether before a local, state, or federal court, state or federal administrative agency or commission, or arbitration tribunal, regardless of location and whether now known or unknown, contingent, liquidated or unliquidated, that any of the Leykind Releasing Parties now have or may have had, or thereafter claim to have, on behalf of itself or themselves, or any other person or entity, at any time.

8.    Default and Remedies.   Should the Trustee not receive any of the Remaining Settlement Payments, within seven days of having given written notice to the Defendants of the nonpayment of any payment contemplated herein, the Trustee shall be entitled to a non-dischargeable default final judgment against the Defendants, jointly and severally, for the total amount of $100,000.00, less any amounts already paid pursuant to this Agreement.

9.    No Admission of Liability; Settlement.   Nothing contained in this Agreement shall constitute or be considered an admission of facts or liability by any Party in connection with any legal proceeding other than a proceeding to enforce this Agreement. The Parties agree that: (i) this Agreement constitutes a compromise of disputed claims and shall never be construed as an admission of liability or responsibility for any purpose by any Party; and (ii) the Parties to this Agreement expressly acknowledge and agree that they have accepted the consideration set forth herein as a complete compromise and settlement of matters involving disputed issues of law and/or fact, and that the aforementioned Parties assume the risk that the law and/or facts may be otherwise than they believe; and that in making this settlement, the aforementioned Parties

further agree that they have not been influenced to any extent whatsoever by any representations or statements regarding any other matter made by any Party released herein or its counsel.

10.    <u>Best Efforts</u>. Upon signing this Agreement, the Parties agree to file a motion to approve the terms hereof with the United States Bankruptcy Court of the approval of this Agreement and to effectuate the terms and conditions hereof.

11.    <u>Authority</u>.  Each Party signing this Agreement represents and warrants that he/she has full authority to do so, subject to the approval of the Bankruptcy Court. <u>This Agreement shall have no effect unless approved by the Bankruptcy Court.</u>

12.    <u>Retention of Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction over the Parties to effectuate the terms and conditions of this Agreement.

13.    <u>Attorney's Fees and Costs</u>.  Each of the Parties agree to bear their own attorney's fees and costs.  Notwithstanding the foregoing, in the event that an action is brought by one or more of the Parties to enforce the terms of this Agreement, including without limitation, the obligations set forth in paragraph 3 of this Stipulation, the prevailing Party shall be entitled to reasonable attorney's fees and costs incurred in connection herewith.

14.    <u>Construction</u>.  Each Party hereto represents and warrants that it has had an opportunity to fully review the provisions of this Agreement with attorneys of its own choice as a result of which the Parties hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting Party shall not be employed in the interpretation of this Agreement and (b) that each Party signing this Agreement is entering into this Agreement knowingly, voluntarily, and of its own free will.

15.    <u>Severability</u>.  Should any provision of this Agreement hereto be held by any court of competent jurisdiction to be illegal, invalid or unenforceable for any reason, then the

remaining portions of this Agreement will nonetheless remain in full force and effect, unless such portion of the Agreement is so material that its deletion would violate the obvious purpose of the Agreement.

16.    <u>Successors and Assigns</u>.  This Agreement shall be binding upon and shall inure to the benefit of the heirs, personal representatives, successors and assigns of the Parties hereto.

17.    <u>Entire Agreement</u>.   The Parties hereto acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations and understandings with respect to the subject matter hereof are superseded by this Agreement.  This Agreement may not be varied in its terms by an oral agreement or representation or otherwise, except by an instrument in writing of subsequent date hereof executed by all of the Parties hereto.

18.    <u>Division and Headings</u>. The division of this Agreement into sections and subsections and the use of captions and headings herein are solely for convenience purposes only and shall have no legal effect in construing the provisions of this Agreement.

19.    <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same agreement.  Signatures may be exchanged by electronic means, including facsimile, and each of the Parties agrees that it will be bound by its electronic signature, including facsimile signature, and that it accepts such signatures of the other Parties.

20.    <u>Mediation Fee</u>. Leykind, Gibson and the Trustee agree to each pay one third (1/3) of the Mediator's fee.

AGREED TO AND ACCEPTED:

_____
Kenneth Welt, Trustee                                    _____
                                                                                Date

_____
Steve Leykind                                                    8/27/13
                                                                       _____
                                                                                Date

_____
Dale Gibson                                                       _____
                                                                                Date

_____
Mobile Medical Management, LLC          8/27/13
By Steve Leykind                                            _____
Its:                                                                     Date

_____
Premier Mobile Health Solutions, Inc.      8/27/13
By Steve Leykind                                            _____
Its:                                                                     Date

20.    <u>Mediation Fee</u>. Leykind, Gibson and the Trustee agree to each pay one third (1/3) of the Mediator's fee.

AGREED TO AND ACCEPTED:


_____
Kenneth Welt, Trustee

_____
Date


_____
Steve Leykind

_____
Date


_____
Dale Gibson

08/26/2013.
_____
Date


_____
Mobile Medical Management, LLC
By Steve Leykind
Its:

_____
Date


_____
Premier Mobile Health Solutions, Inc.
By Steve Leykind
Its:

_____
Date

20.    <u>Mediation Fee</u>. Leykind, Gibson and the Trustee agree to each pay one third (1/3) of the Mediator's fee.

AGREED TO AND ACCEPTED:

_____
Kenneth Welt, Trustee

_____8/28/13_____
Date

_____
Steve Leykind

_____
Date

_____
Dale Gibson

_____
Date

_____
Mobile Medical Management, LLC
By Steve Leykind
Its:

_____
Date

_____
Premier Mobile Health Solutions, Inc.
By Steve Leykind
Its:

_____
Date

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:

SIGNATURE HEALTH                              Case No. 12-40748-JKO
SERVICES, INC,

                                              Chapter 7

       Debtor.
_____/

**ORDER GRANTING**
**TRUSTEE'S MOTION FOR APPROVAL OF**
**SETTLEMENT AGREEMENT AMONG TRUSTEE, AND**
**DALE GIBSON, STEVE LEYKIND, MOBILE MEDICAL MANAGEMENT, LLC, AND**
**PREMIER MOBILE HEALTH SOLUTIONS, INC.**

       THIS MATTER came before the Court upon the Trustee's Motion for Approval of

Settlement Agreement among the Trustee, Dale Gibson, Steve Leykind, Mobile Medical

Management, LLC, and Premier Mobile Health Solutions, Inc., (the "Motion").  The Court,

having reviewed the Motion, the Certificate of No Response filed by the Trustee and the relevant

record in this case, and being otherwise duly advised in the premises, finds that notice of the

Motion was due and proper pursuant to Federal Rules of Bankruptcy Procedure 2002 and 9019, and Local Rules 9013-1(D) and 9019-1, that no objections or responses to the Motion were timely filed and that good cause exists to grant the Motion.  Accordingly, it is

ORDERED and ADJUDGED that:

1.    The Motion is GRANTED in its entirety and the parties' settlement and Settlement Agreement, a copy of which is attached to the Motion as Exhibit A (the "Settlement Agreement"), are APPROVED in their entirety.

2.    The parties to the Settlement Agreement are authorized and directed to take all necessary actions to consummate the Settlement Agreement and transactions contemplated thereunder.

3.    Each party shall bear its own fees and costs in connection with the Settlement Agreement and disputes resolved thereunder.

4.    The Court retains jurisdiction to interpret and enforce the terms of this Order.

###